**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KATHY M. MASON, ) | NO. CV 15-5712-E |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**PROCEEDINGS**

Plaintiff filed a Complaint on July 28, 2015, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on August 28, 2015.

Plaintiff filed a motion for summary judgment on February 12, 2016. Defendant filed a motion for summary judgment on March 4, 2016. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed July 30, 2015.

///

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserted disability based on alleged mental and physical impairments (Administrative Record ("A.R.") 52-64, 157-63, 183, 203-206, 213-15, 218-19, 226). An Administrative Law Judge ("ALJ") examined the medical record and heard testimony from Plaintiff and a vocational expert (A.R. 29-244, 251-358).

The ALJ found Plaintiff has "degenerative disc disease and degenerative arthritis of the lumbar spine . . . bilateral carpal tunnel syndrome . . . and hypertension," impairments that are "severe in combination" (A.R. 31). The ALJ determined Plaintiff retains the residual functional capacity to perform a reduced range of light work (A.R. 35).[1] The vocational expert testified that a person with this capacity could perform certain identified jobs existing in significant numbers in the national economy (A.R. 66-68). The ALJ relied on this testimony in deeming Plaintiff not disabled (A.R. 40-42). The Appeals Council denied review (A.R. 1-4).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the

---

[1] According to the ALJ, Plaintiff's capacity for light work is reduced by the following additional limitations: "She can occasionally push and pull bilaterally. She can occasionally climb, balance, stoop, kneel, crouch and crawl. She can frequently handle and finger" (A.R. 35).

Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from

///
///
///

material[2] legal error.  Plaintiff's contrary arguments are unavailing.

### I. Substantial Evidence Supports the Conclusion Plaintiff Can Work.

Substantial medical evidence supports the conclusion Plaintiff is not disabled. Dr. Robin Alleyne, an examining internist, opined Plaintiff retains a physical residual functional capacity greater than the capacity the ALJ found to exist (A.R. 285). Dr. Nina Kapitanski, an examining psychiatrist, opined Plaintiff has an unlimited mental residual functional capacity (A.R. 280). Non-examining state agency physicians essentially concurred with the opinions of the examining physicians (A.R. 80-83, 92-95). Where, as here, the opinions of non-examining physicians do not contradict "all other evidence in the record," the opinions may furnish substantial evidence to support the administrative decision. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995). Significantly, no physician has opined Plaintiff has ever been disabled from all employment for a continuous twelve month period. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled."); accord Curry v. Sullivan, 925 F.2d 1127, 1130 n.1 (9th Cir. 1991).

///
///

---

[2] The harmless error rule applies to the review of administrative decisions regarding disability. See Garcia v. Commissioner, 768 F.3d 925, 932-33 (9th Cir. 2014); McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

4

The vocational expert testified that a person with the residual functional capacity the ALJ found to exist could perform certain jobs existing in significant numbers in the national economy (A.R. 66-68). The ALJ properly relied on this testimony in denying disability benefits. See Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 774-75 (9th Cir. 1986).

To the extent any of the medical evidence is in conflict, it is the prerogative of the ALJ to resolve such conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). When evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. See Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997). The Court will uphold the ALJ's rational interpretation of the evidence in the present case notwithstanding any conflicts in the record.

**II. The ALJ Did Not Err in Discounting Plaintiff's Credibility.**

Plaintiff subjectively complained of allegedly disabling pain and other symptomatology (A.R. 52-64). The ALJ found Plaintiff's subjective complaints regarding the severity of her symptomatolgy "not entirely credible" (A.R. 37). As discussed below, the ALJ did not thereby err.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). Where, as

5

here, the ALJ finds that the claimant's medically determinable impairments reasonably could be expected to cause some degree of the alleged symptoms of which the claimant subjectively complains, any discounting of the claimant's complaints must be supported by specific, cogent findings. See Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010); Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).³ An ALJ's credibility findings "must be sufficiently specific to allow a reviewing court to conclude the ALJ rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit the claimant's testimony." See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004) (internal citations and quotations omitted); see also Social Security Ruling 96-7p. As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints not entirely credible.

The ALJ accurately characterized Plaintiff's past work as "sporadic," inferring that Plaintiff "has not demonstrated a commitment to work, even when she was admittedly not disabled" (A.R.

---

³ In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Burrell v. Colvin, 775 F.3d 1133, 1136-37 (9th Cir. 2014); Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic.

37, 166-70). A claimant's sporadic work history can be a sufficient reason to discount the claimant's credibility. See Smolen v. Chater, 80 F.3d at 1284 (ALJ may consider claimant's "work record" in determining claimant's credibility); see also Deck v. Colvin, 588 Fed. App'x 747, 748 (9th Cir. 2014) (sporadic work history is a specific, clear and convincing reason for discrediting claimant's pain testimony).

The ALJ also accurately pointed out that Plaintiff sometimes exaggerated her alleged problems:

> The claimant has alleged a number of conditions not supported with medical evidence. For example, she testified that she has a protruding muscle in her leg, but I find no evidence that this was ever observed by a healthcare professional. She also alleges osteoporosis (Exhibit 11E, p. 1), and when she requested a hearing, Ms. Mason stated that a bone in her left hand pops out (Exhibit 13E, p. 1). However, neither of these conditions is medically documented. Moreover, while the claimant testified to radiation of her back symptoms to her right leg, her treating physician, Dr. Cohen, documented negative straight-leg raising both seated and supine, and no neurological abnormalities (Exhibit 3F, p. 1).

Such misrepresentations or exaggerations can justify the rejection of a claimant's credibility. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001) (claimant's tendency to exaggerate is an adequate

reason for rejecting claimant's testimony); <u>Bickell v. Astrue</u>, 343 Fed. App'x 275, 277-78 (9th Cir. 2009) (same); <u>Brawner v. Secretary</u>, 839 F.2d 432, 433 (9th Cir. 1987) (misrepresentations made by claimant in the course of pursuing disability benefits justifies rejection of claimant's credibility); <u>Madrigal v. Sullivan</u>, 777 F. Supp. 1503, 1507 (N.D. Cal. 1991) (claimant's complaints of excess pain properly disregarded where complaints found to be exaggerated); <u>see also</u> <u>Copeland v. Bowen</u>, 861 F.2d 536, 541 (9th Cir. 1988) (claimant's credibility may be suspect where the claimant alleges a limitation "disparate from that observed by the consultative examiner").

The ALJ also emphasized significant inconsistencies in Plaintiff's various statements. For example, on June 28, 2012, Plaintiff stated that she used a walker and a cane (A.R. 38, 214-15). Approximately two weeks later, however, Plaintiff appeared for a consultative examination without a walker or a cane (A.R. 38, 277-86). Plaintiff later testified she does not require any assistive device whatsoever (A.R. 38, 54). For further example, Plaintiff sometimes claimed, but sometimes denied, that her prescription medications caused significant side effects (A.R. 36-37, 62, 204, 220). Inconsistencies in a claimant's statements may impact adversely on the claimant's credibility. See <u>Verduzco v. Apfel</u>, 188 F.3d 1087, 1090 (9th Cir. 1999); <u>Moncada v. Chater</u>, 60 F.3d 521, 524 (9th Cir. 1995); <u>Fair v. Bowen</u>, 885 F.2d 597, 604 n.5 (9th Cir. 1989).

The ALJ also pointed out that, despite Plaintiff's allegedly disabling pain and other symptomatology, Plaintiff once declined the replacement of her pain medication and, more than once, failed to

follow up on medical referrals (A.R. 38-39, 259, 299, 312, 330). Inadequately explained gaps in treatment or failures to comply with recommended treatment can justify the discounting of a claimant's credibility. See Fair v. Bowen, 885 F.2d at 603 (unexplained or inadequately explained failure to follow prescribed course of treatment can cast doubt on claimant's credibility); see also Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (Administration properly may consider the claimant's failure to follow treatment advice).

Accordingly, the ALJ stated sufficient reasons to allow this Court to conclude that the Administration discounted Plaintiff's credibility on permissible grounds.[4] See Moisa v. Barnhart, 367 F.3d at 885. The Court therefore defers to the Administration's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to Administration's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1464 (9th Cir. 1995).[5]

///
///

---

[4] Furthermore, even if one or two of the ALJ's stated reasons were to be deemed legally infirm, the Court still could uphold the Administration's credibility determination. See Carmickle v. Commissioner, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

[5] In this discussion section, the Court does not determine whether Plaintiff's subjective complaints are credible. Some evidence suggests that those complaints may be credible. However, it is for the Administration, and not this Court, to evaluate witnesses' credibility. See Magallanes v. Bowen, 881 F.2d 747, 750, 755-56 (9th Cir. 1989).

**CONCLUSION**

For all of the foregoing reasons,[6] Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 16, 2016.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[6] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d 881, 887-88 (9th Cir. 2011) (discussing the standards applicable to evaluating prejudice).